STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-15-76

FITZGERALD CARRYL,
          Petitioner

**DECISION AND ORDER**

v.

MAINE DEPARTMENT OF
CORRECTIONS,
          Respondent

The matter before the court is an appeal by Fitzgerald Carryl, an inmate at the Maine State Prison, from a disciplinary proceeding that resulted in the imposition of sanctions against him for the offense of "influencing staff," a Class A violation. This appeal has been brought in accordance with 5 M.R.S. §11001-11008 (Administrative Procedure Act) and M.R.Civ.P. 80C.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 9, 2015 Officer Steven French prepared a Disciplinary Incident Report charging the Petitioner was the offense of: "influencing staff," a Class A infraction. In his report, Officer French described the incident as follows:

> "On the above date and approx. time I Ofc
> French while working medium d pod was
> informed by my zone control officer that
> inmate _____ had passed something to inmate
> _____. I called inmate _____ to my desk and
> asked him if he had received anything from
> inmate _____. The inmate said no. Ofc Payne
> informed me that it was stuffed in his pants.
> I asked the inmate if he had received anything
> and if it was in his pants. Again the inmate replied no.
> I told the inmate we will go inside the officer's bathroom

and conduct a strip search. As I turned to reach and get blue gloves in the inmate acting like he was touching his shoe and stuffed the dvd under my desk. Ofc Payne informed me that he had done this. I told the inmate to give it to me. The inmate handed me what appeared to be a porn dvd. The picture on the disk and the name was very suggestive of this. As the pod was returning from chow inmate _____, _____ approached my desk and said "French, you are always taking stuff from us.' After more inmates returned from chow inmate Carryl, F #126304 approached my desk. The inmates started speaking to me saying things to the effect of no one ever bother you French. He also asked if I had begun to write up the inmates and if I hadn't if there was anything we could do to make it go away. The inmate continued to speak in this manner and I explained to the inmate that this was a big deal and how I found it strange he knew what had happened without being in the pod. I also explained to the inmate that something unauthorized inside the facility was a big deal. The inmate then left my desk in a less than happy manner."

(Administrative Record, "AR" at 2).

Influencing staff is defined as "[p]romising, offering, or giving to any Department staff any monetary or other benefit for the purpose of influencing such staff in the performance of official duties." POLICY 20.1, page 17.

An investigation was initiated on October 10, 2015 and the Petitioner gave the following statement:

> "I did not even attempt to influence Officer French. The inmate rule book subsection disciplinary violations supports the fact as well as testimony by Officer French."

(AR at 4).

On October 13, 2015 the Petitioner was notified that his disciplinary hearing was scheduled for October 15, 2015. The Petitioner indicated that he wished to call

Officer French as a witness at the hearing. (AR at 1). The disciplinary hearing was actually held on October 22, 2015.

In the Summary of Hearing, the Disciplinary Hearing Officer documented that the Petitioner continued to deny that he was attempting to influence Officer French, although he acknowledged speaking to him but indicated that he was unaware of the "severity of the incident with the other prisoner." (AR at 7). With respect to calling Officer French as a witness, the Hearing Officer wrote: "The prisoner wanted to call Officer French as a witness. I have the Officers [sic] detailed report there for [sic] I don't need to call the officer." (AR at 7). The Petitioner was found guilty of the offense "based on the staff report." *Id.* The Hearing Officer recommended a $100 monetary sanction, 30 days disciplinary restriction and 30 days loss of good time. (AR at 8).

The Petitioner filed a timely appeal on November 3, 2015. (AR at 10-12). The Chief Administrative Officer or designee affirmed the finding of guilt and the recommended sanction on November 9, 2015. (AR at 14). This Petition for Judicial Review of Final Agency Action was filed on December 14, 2015

## DISCUSSION

The Law Court has frequently reaffirmed the principle that judicial review of administrative agency decisions is "deferential and limited." *Passadumkeag Mountain Friends v. Bd. of Envtl. Prot.*, 2014 ME 116, ¶ 12, 102 A.3d 1181 (quoting *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128). The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v Departmental of Environmental Protection*, 2005 ME. 50, ¶ 7, 870 A.2d 566. The party seeking to vacate a state agency decision has the burden of persuasion on

3

appeal. *Anderson v Maine Public Employees Retirement System,* 2009 ME. 134, ¶ 3, 985 A.2d 501. In particular, a party seeking to overturn an agency's decision bears the burden of showing that "no competent evidence" supports it. *Stein v. Me. Crim. Justice Academy,* 2014 ME 82, ¶ 11, 95 A.3d 612.

This court must examine "the entire record to determine whether, on the basis of all the testimony and exhibits before it, the agency could fairly and reasonably find the facts as it did." *Friends of Lincoln Lake v Board of Environmental Protection,* 2001 ME. 18 ¶13, 989 A. 2d 1128. The court may not substitute its judgment for that of the agency's on questions of fact. 5 M.R.S. § 11007(3). Determinations of the believability or credibility of the witnesses and evidence, supported by substantial evidence in the record, should not be disturbed by this court. *Cotton v Maine Employment Security Commission,* 431 A. 2d 637, 640 (Me. 1981). The issue is not whether the court would have reached the same result the agency did, but whether the "record contains competent and substantial evidence that supports the result reached" by the agency. *Seider v. Board of Examiners of Psychologists,* 2000 ME 206, ¶ 8, 762 A.2d 551 *quoting CWCO, Inc. v. Superintendent of Insurance,* 1997 ME 226, ¶ 6, 703 A. 2d 1258, 1261.

Based upon a review of the entire record, the court is satisfied that the Hearing Officer's finding that the Petitioner was guilty of "influencing staff" is supported by competent and substantial evidence. In the context of the situation described by Officer French, the Hearing Officer could have reasonably concluded that the Petitioner was attempting to determine whether there was something that could be done for the benefit of the officer to persuade him not to move forward with issuing write-ups to inmates. While the Petitioner claimed that he was not attempting to influence the officer and that his words must have been misinterpreted, it was up to the Hearing Officer to assess the weight and credibility of the evidence, including the Petitioner's explanation.

4

The failure of the Hearing Officer to call Officer French as a witness as requested by the Petitioner is more troublesome. The Hearing Officer stated that he did not need to hear the officer's testimony as a witness because he had the officer's detailed written report. (AR at 7). The rights to call and question witnesses at a disciplinary hearing are rights that are granted to the inmate (client). 34-A M.R.S. §3032(6)(D) & (E). The rights do not exist for the convenience of the Hearing Officer. Rather, they exist so as to effectuate the goal of providing a fair and impartial hearing. The Hearing Officer's statement that he did not need the officer's testimony because he had the report, belies a fundamental misunderstanding of the importance of the rights to call and question witnesses by those inmates facing disciplinary action.

The Hearing Officer is required to provide an impartial hearing. Hearing live testimony from the accusing witness, who can be questioned by the inmate who is the subject of the disciplinary hearing, may uncover additional facts, ambiguities and nuances that are not revealed in the officer's written report. Moreover, the Hearing Officer's statement as to why he had no need for the officer's live testimony suggests a pre-disposition on his part, based solely on the written report, that is contrary to the statutory mandate of an impartial hearing.

It is, of course, true that the right to call and question witnesses is subject to reasonable regulation and control.[1] In this court's view, however, it is not reasonable to categorically deny an inmate's request to call and question the officer who brought the charge solely because the Hearing Officer had the officer's written

---

[1] The court has examined the opinion in *Brown v. Corsini,* 657 F. Supp. 2d 296 (D. Mass. 2009), cited by the Respondent for the proposition that hearing officers must have the discretion to keep disciplinary hearing within reasonable limits, a proposition that both the Maine Legislature and this court recognize. In that case, however, the reporting/complaining officers were called as witnesses and testified at the disciplinary hearing, although some collateral witnesses were not called.

report. Such an action renders illusory the statutory rights to call and question witnesses, particularly those witnesses initiating the charges against the inmate.

## CONCLUSION

The entry is:

The Petition for Review of Final Agency Action is GRANTED, the disciplinary action in this matter (MSP-2015-1604) is REVERSED and the matter is REMANDED to the Department of Corrections with instructions to conduct a disciplinary hearing that complies with 34-A M.R.S. §3032(6).

DATED: October 5, 2016

William R. Stokes
Justice, Maine Superior Court